IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ISAAC W. CAPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:14-cv-441-NJR-DGW |
| KEVIN DRAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Discovery Sanctions filed by Plaintiff, Isaac W. Capps, on June 22, 2015 (Doc. 56) and the Second Motion for Extension of Time to File Plaintiff's Motion for Summary Judgment and First Motion for Extension of Time to File Response/Reply to Defendants' Motions for Summary Judgment (Doc. 82). For the reasons set forth below, the Motion for Sanctions is **DENIED** and the Motion for Extension of Time is **GRANTED**.

Plaintiff asks the Court to impose discovery sanctions pursuant to Federal Rule of Civil Procedure 37 against Defendants Kevin Roye and Brice Shaffer due to their failure to comply with various discovery orders in this matter.

Pursuant to the Scheduling and Discovery Order for this matter, the parties were to serve initial interrogatories and requests to produce by March 20, 2015 and discovery was to be completed by June 5, 2015 (Doc. 29)[1]. In compliance with said Order, counsel for Plaintiff served interrogatories, requests to admit, and requests for production of documents on Defendants

---

[1] Pursuant to the Court's Order on April 27, 2015 (Doc. 49), the discovery deadline in this matter was continued to July 31, 2015.

Page **1** of **5**

Roye and Shaffer on March 13, 2015 (*See* Doc. 39). On April 13, 2015, the Court granted Defendants Roye and Shaffer's request to extend their deadline to respond to Plaintiff's written discovery requests, allowing them until April 17, 2015 to respond (Doc. 41). Defendants Roye and Shaffer timely filed their responses to Plaintiff's requests for admissions (Doc. 42). However, Defendants Roye and Shaffer failed to provide Plaintiff with responses to his requests for production of documents and interrogatories by this date. Despite Plaintiff's efforts to obtain these Defendants' overdue discovery responses in May, 2015, Defendants failed to correct their neglect. Subsequently, on June 1, 2015, the Court held a telephone conference with the parties to discuss Defendant Roye and Shaffer's overdue responses. Preceding the conference, counsel for Defendants emailed their interrogatory responses to counsel for Plaintiff; however, counsel for Defendants merely indicated that all of the documents within their possession were produced with their initial Rule 26(a) disclosures (*See* Doc. 56-7). Being advised that Defendants had provided their interrogatory responses, and noting that their responses to Plaintiff's request for documents were not sufficient under Rule 33, the Court ordered Defendants to provide responses to Plaintiff's requests for production of documents by June 5, 2015. A dispute arose concerning the manner in which the documents were to be produced and Defendants were ordered to provide Plaintiff's counsel with hard copies of the documents by June 15, 2015. Plaintiff finally received the requested documents on June 11, 2015 (Doc. 56, ¶ 26).

      Plaintiff contends that Defendants Roye and Shaffer's delay in responding to written discovery caused additional delays in Plaintiff's ability to schedule depositions of Defendants. Accordingly, Plaintiff asks the Court to sanction Defendants Roye and Shaffer and/or their counsel by way of striking their affirmative defenses and ordering them to pay reasonable expenses, including attorney's fees, caused by their failures, in the amount of $4,270.00. Defendants filed

their response to Plaintiff's motion beyond the prescribed fourteen-day timeframe (Doc. 59). However, the Court will consider Defendants' response, and Plaintiff's reply thereto (Doc. 62), in the interest of justice.

Defendants contend that sanctions are not appropriate as Plaintiff has received all of Defendants' discovery responses and there has been no prejudice to other parties in this suit, nor any effect on the merits of Plaintiff's case, due to their delay in providing discovery responses.

Although the Court acknowledges that Defendants Roye and Shaffer were delayed in providing their responses to written discovery, the imposition of sanctions is not warranted. Importantly, if a court imposes discovery sanctions, such sanctions must be "proportionate to the circumstances surrounding the failure to comply with discovery rules." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)). "Indeed, the power to impose sanctions should 'be exercised with great caution." *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Rule 37 sanctions may only be imposed where a party displays "willfulness, bad faith, or fault." *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (citation omitted). In analyzing what sanctions may be appropriate, courts should consider "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

The Court has reviewed the record in this matter and does not find that Defendants' delays were of the frequency or magnitude to warrant sanctions. While it is apparent that Defendants Roye and Shaffer failed to respond within the prescribed timeframe to Plaintiff's interrogatories and requests for production of documents, Defendants followed the Court's Orders and, although

beyond the prescribed time period, provided responses to Plaintiff's requests for production by June 5, 2015 and provided hard copies of their discovery responses by June 11, 2015 (*See* Doc. 53, ordering Defendants Roye and Shaffer to provide responses to Plaintiff's requests for production of documents by June 5, 2015 and Doc. 55 ordering Defendants Roye and Shaffer to furnish paper copies of their discovery responses to Plaintiff by June 15, 2015). Moreover, the Court does not find that any party suffered prejudice due to Defendants' delays. While Plaintiff complains that Defendants' delays caused depositions to be put on hold and/or rescheduled, such inconveniences do not establish prejudice sufficient to warrant sanctions, as it appears that all the depositions sought by Plaintiff were rescheduled prior to the close of discovery.

While the Court does not find that Defendants Roye and Shaffer's conduct in this matter warrants formal sanctions, the Court finds good cause to grant Plaintiff's motion for extension of time to file his summary judgment motion and motion for extension of time to respond to Defendants' motion for summary judgment (Doc. 82). Although the Court notes Defendant Trogolo's objections to granting such extensions, due to the discovery issues in this matter, good cause exists to allow Plaintiff additional time to file his motion for summary judgment. Moreover, the Court finds that granting Plaintiff an extension of time to file a consolidated response to Defendants' motions for summary judgment is in the interest of judicial economy. Accordingly, Plaintiff is **GRANTED** an extension of time, up to and including **September 25, 2015**, to file his motion for summary judgment. Plaintiff is **GRANTED** an extension of time, up to and including **October 5, 2015**, to file a consolidated response to Defendants' motions for summary judgment (*see* Docs. 71, 75, and 84). Plaintiff is **GRANTED LEAVE** to file a **30-page** consolidated response brief.

**IT IS SO ORDERED.**

**DATED: September 22, 2015**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**