IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAAC W. CAPPS,                          )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Case No. 3:14-cv-441-NJR-DGW
                                         )
KEVIN DRAKE, et al.,                     )
                                         )
          Defendants.                    )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel Responses to Discovery filed by Plaintiff, Isaac W. Capps, on August 3, 2015 (Doc. 65).  For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff asks the Court for an order compelling Defendants Kevin Drake, Jared Freeman, Shawn Isaacs, James Trogolo, Kevin Roye, and Brice Shaffer to respond to Plaintiff's Interrogatory Number Six that seeks certain financial information, including information on Defendants' gross monthly income and estimated monthly living expenses, for purposes of punitive damages, should Plaintiff prevail on liability.

Defendants, through their respective counsel, filed responses to Plaintiff's motion, standing on their objections of irrelevance and immateriality to Plaintiff's interrogatory (Docs. 67, 69, and 70).  Defendants also contend that Plaintiff's demand for production of their financial information is premature and it is not the Plaintiff's burden to produce evidence concerning a defendant's net worth; rather, it is the defendant who bears the burden of proving his inability to pay punitive damages.

While not relevant to Plaintiff's claims, evidence of Defendants' financial status may become relevant if punitive damages become an issue at trial.   With regard to punitive damages, while "a defendant's wealth is not a sufficient basis for awarding punitive damages" in and of itself, *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 677 (7th Cir. 2003)), the Supreme Court has referred to the "financial position" of the defendant as a factor that can be considered in evaluating punitive damages.   *See Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991)). The Court recognizes that the Seventh Circuit Court of Appeals has found that a plaintiff is not required to introduce evidence concerning a defendant's net worth, and that evidence of net worth is inadmissible if a defendant is to be fully indemnified, *see Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996); this decision, however, is not at odds with allowing Plaintiff to seek at least some discovery related to Defendants' net worth.   Further, as the Court has ruled on dispositive motions and trial in this matter is impending, Plaintiff's request for financial information is not premature.   The Court notes that any issue concerning admissibility of Defendants' financial information may be determined at trial.

Based on the foregoing, Plaintiff's Motion to Compel (Doc. 65) is **GRANTED**. Defendants are **ORDERED** to respond to Plaintiff's Interrogatory Number Six by **January 19, 2016**.   Defendants may file a motion for protective order, along with a proposed order, addressing the disclosure of their financial information for consideration by the Court.   Any motion for a protective order shall be filed by **January 12, 2016**.

**IT IS SO ORDERED.**

**DATED: January 5, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

Page **2** of **2**