IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC W. CAPPS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>) Case No.  14-441-NJR<br>KEVIN DRAKE, JARED FREEMAN, SHAWN )<br>ISAACS, JAMES TROGOLO, KEVIN ROYE, )<br>and BRICE SHAFFER )<br>)<br>    Defendants. )| |

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

NOW COMES Plaintiff ISAAC W. CAPPS, by and through his attorney, Judith M. Redwood and pursuant to 42 U.S.C. §1988(b) and SDIL-LR 7.1 and Fed.R.Civ.P. 54(2), hereby petitions this Court to award Plaintiff his attorney's fees and certain costs, delineated herein, in support states:

    1.    Plaintiff is a prevailing party in this cause, filed pursuant to 42 U.S.C. §1983, the jury having found both Roye and Trogolo liable for excessive force and liability against all six defendants for failure to intervene, with an award of punitive damages against each defendant.  The Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.  The jury's monetary verdict of a total amount of $32,092.00 is a meaningful sum, equivalent to a year's worth of full time work at $15.40 per hour.  *Montanez v. Simon,* 755 F.3d 547, 557 (7th Cir. 2014)(Plaintiff who won a verdict of $2,000.00 "won a meaningful sum and established both a compensable injury and an entitlement to punitive damages").  In addition to the money verdict, Mr. Capps achieved 100% of his main goal - achieving vindication of his constitutional rights and a public statement that these officers violated his constitutional rights

1

and now have a finding of liability against each of them on his permanent law enforcement record. Affidavit of Isaac Capps is attached hereto and incorporated herein as Exhibit 4.

2. Attorney's fees under Section 1988 are not limited to a proportion of the monetary damages assessed in the case because, as Congress has recognized, a plaintiff in a civil rights suit acts "not for himself alone but also as a 'private attorney general', vindicating a policy that Congress considered of highest importance." *Dunning v. Simmons Airlines, Inc.,* 62 F.3d 863, 873 n.13 (7th Cir. 1995)(quoting *City of Riverside v. Rivera,* 477 U.S. 561, 575 (1986)).

3. In calculating reasonable attorney's fees, the district court should first determine the lodestar amount by multiplying the reasonable number of hours worked by the market rate. *Bankston v. State of Ill.,* 60 F.3d 1249, 1255 (7th Cir. 1995).

4. The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 519 (7th Cir 1993)(quoting *Eddleman v. Switchcraft, Inc.,* 965 F.2d 422, 424 (7th Cir. 1992)) (internal citation omitted).

5. The word "community" can refer to the local market area, but it is just as consistent to read the word as referring to a community of practitioners, particularly when the subject matter of the litigation is specialized. *Jeffboat, LLC v. Director, Office of Worker's Compensation Programs,* 553 F.3d 487, 490 (7th Cir. 2009).

6. The burden of proving the market rate is on the party seeking the fee award. *Gautreaux v. Chicago Housing Authority,* 491 F.3d 649, 659 (7th Cir. 2007).

7. The affidavits of John Taylor and Jude M. Redwood are submitted herewith in support of Plaintiff's request for a reasonable attorney fee for Jude M. Redwood, lead

counsel, in the amount of $450.00 per hour. Affidavit of Jude M. Redwood and Affidavit of Erik S. Redwood are submitted herewith in support of Plaintiff's request for a paralegal fee in the amount of $175.00 per hour. Copy of Affidavits are attached hereto and incorporated herein as: John Taylor- Exhibit 3; Jude Redwood-Exhibit 1; Erik Redwood-Exhibit 2.

      8.      Other reimbursements which have been allowed under a 42 U.S.C. §1988 fee award include:

(a) Necessary travel reimbursement at the attorney's regular litigation rate *Henry v. Webermeier,* 738 F.2d 188, 194-195 (7th Cir. 1984)(the presumption is that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working hours) *see also Miller v. Neathery,* 1995 WL 151772 (N.D.Ill) (The Seventh Circuit has repeatedly said that attorney travel time is compensated at the attorney's regular rate. This is because the attorney could have been spending that same time doing billable work), *Norinder v. Fuentes,* 2010 WL 4781149, *3 (S.D.Ill) (recognizing compensability of travel time for attorney and paralegal); Fee Reports of Jude M. Redwood (Exhibit 9) and Erik S. Redwood (Exhibit 10) attached hereto and incorporated herein

(b) Paralegal time *Norinder v. Fuentes,* 2010 WL 4781149, *3 (S.D.Ill)("It is a common practice to use a paralegal to assist lead counsel with the performance of pretrial and trial assistance tasks and administrative tasks, such as contacting and coordinating witnesses, organizing exhibits, and otherwise assisting in trial preparation. The use of a paralegal is a common method of cost savings for clients. In the Seventh Circuit, separate billing rates for paralegals is well recognized.")

(c) Hotel and parking reimbursement *Joe Hand Promotions v. Dritan Zani,* 2014 WL

958716 (N.D.Ill) (Hotel and Parking expenses necessary for counsel to attend court proceedings are compensable as costs) Receipts for reimbursement of hotel costs have been submitted to the Clerk (Doc 179); In this trial, the case proceeded from Monday to Thursday. Friday was not available so the Court ordered the jury and all counsel to return for conclusion of trial on Monday. During the intervening weekend, Plaintiff's counsel stayed at the hotel in Fairview Heights instead of traveling back home and then back to court on Sunday night.  This expense of about $300.00 for two nights at the hotel is far less expensive than 7 hours travel time for both Attorney Redwood and Paralegal Erik Redwood ($3,675.00). Therefore the hotel expense for Friday and Saturday night was a reasonable cost.

(d) Out-of pocket expenses, such as for an expert *Harris v. Marhoefer,* 24 F.3d 16 (9th Cir. 1994)(Under §1988, a prevailing plaintiff may recover, as part of the award of attorney's fees, those out-of-pocket expenses that would normally be charged to a paying client), *Gonzales v. Felker,* 964 F.Supp. 251, 256 (N.D.Ohio 1997)(fees for expert witness in Section 1983 case authorized under Sec 1988). In this case, Redwood Law Office hired expert consultant Michael Leonesio who did not testify but provided expert advice and assistance in this matter which is Redwood Law's first case alleging excessive use of force by Taser.  A copy of the Retainer Agreement and $5,000.00 Fee Invoice is attached hereto and incorporated herein as Exhibit 8;

(e) Private process server fees *Gillman v. Crown Equipment Corp.,* 1996 WL 556706 (N.D.Ill.)(Due to substitution of private process servers for the U.S. Marshal Service in recent years, it is appropriate to allow private process fees as costs) Receipts for private process server fees have been submitted to the Clerk (Doc 179);

9. All three defense counsel filed frivolous motions for summary judgment,

to which plaintiff's counsel was obligated to file a response, opposing their separate lengthy motions. SDIL-LR 7.1(c)(2) (Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.)  Plaintiff's counsel began drafting a motion and memorandum under 28 U.S.C. §1927, for attorney's fees based on these bad faith filings. A copy of the work in progress (Motion for Excess Attorney's Fees & Memo) is attached hereto and incorporated herein as Exhibit 7 . When Plaintiff won a jury verdict as to the liability of all six defendants, this work was abandoned, but would have been filed in the event that the jury found in favor of the defendants.  The defense motions for summary judgment argued against well established law and ignored the reality of the video, so succinctly stated by Judge Rosenstengel, that she had watched the video at least seven times and there clearly are materials facts in dispute precluding summary judgment.  The Court has the inherent power to sanction bad-faith conduct by imposing attorney's fees. *Carr v. Tillery,* 2010 WL 1963398, *2 (S.D.Ill.). "Generally speaking, bad faith is found where a party has brought a claim or is litigating a claim that has no basis in the law, and, in other words, is meritless, and the party's motivation to do so is a malign purpose, such as delay or harassment of an opponent." Id. At *4 In this case, the motions for summary judgment were meritless because it was clear to any attorney versed in the law that material facts in dispute precluded summary judgment.  It was not a close question.  Although Plaintiff's attorney considered filing a Plaintiff's motion for summary judgment, after further study of the facts, she declined to do so, finding that it would have been unethical to file a motion for summary judgment in light of the factual disputes presented by the video and the testimony.

        10.      Plaintiff's counsel expended a reasonable amount of time on this litigation

and was frugal by declining to file a plaintiff's motion for summary judgment, thereby saving the expense, to opposing counsel and the Court, of having to address such a motion.

11. Plaintiff was represented by a solo practice attorney. In opposition were two private insurance-defense law firms and the Office of the Attorney General of the State of Illinois. Plaintiff's attorney's fees were necessarily higher than they would be in a case where a single insurance-defense firm represented all defendants. This is exemplified by reviewing the three defense motions for summary judgment to which plaintiff was required to respond or risk an adverse summary disposition; three sets of discovery to send; two sets of discovery to answer.

12. A copy of the Fee Reports for Jude M. Redwood and Erik S. Redwood for this case, after deducting redundant time are attached hereto and incorporated herein as Exhibit 9 - Jude M. Redwood and Exhibit 10 - Erik S. Redwood.

13. Attorney Jude M. Redwood currently charges paying clients $450.00 per hour for civil rights and criminal matters in federal court. In 2014, Ms. Redwood received an hourly rate of $350.00 per hour in *Hawkins v. Mitchell,* Central District of Illinois Case # 10-cv-2111. Redwood Law Office litigated this case from January 2011 to December 2014. A copy of the Notice of Receipt of Funds is attached hereto and incorporated herein as Exhibit 5.

14. Redwood Law Office had to decline representation in a number of fee generating and potential civil rights cases due to the time that was needed to litigate this vigorously opposed civil rights case. Copies of several letters declining representation from 2015-2016 are attached hereto and incorporated herein as Exhibit 6.

15. Plaintiff requests the Court to impose an obligation on Defendants to pay statutory interest on both the jury verdict award and on the Court's award of Attorney's Fees and costs

pursuant to statute. "Interest shall be allowed on any money judgment in a civil case in a district court.. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. §1961.  The applicable rate for January 2016 is 0.54[1].  Therefore the judgment of $32,092.00 should earn interest of $14.44 per month until paid in full.  The rate of interest on the attorney fee award will need to be determined at a later date, pursuant to statute.

16. Plaintiff is requesting Fees and Costs as follows:

| | |
|---|---|
| 1) For Attorney Judith M. Redwood | 726.7 hours at $450.00 = $327,015.00 |
| 2) For Paralegal Erik S. Redwood | 374.9 hours at $175.00 = $ 65,607.50 |
| 3) For non-testifying expert Leonesio | $   5,000.00 |
| Total in Addition to Bill of Costs (Doc 179) | $397,622.50 |

17. Plaintiff further requests the Court to impose a Multiplier of 2 to this award due to the risk involved in the case and due to the huge amount of work generated by the insurance defense firms, including frivolous summary judgment motions filed by all defendants.

WHEREFORE, Plaintiff requests this Court to award $327,015.00 as attorney's fees earned by Judith M. Redwood; $5,000.00 as costs for the non-testifying expert Leonesio Consulting, $65,607.50 as paralegal fees earned by Paralegal Erik S. Redwood, for time and expenses up to and including February 24, 2016 in the Total Amount of $397,622.50 multiplied by 2, for statutory post judgment interest pursuant to 28 U.S.C. §1961 on the jury's monetary award and on the Court's award of attorney's fees and/or for such other relief as this Court deems just.

---

[1] Http://www.federalreserve.gov/releases/h15/current/

           Respectfully Submitted,
           Isaac W. Capps

            /s/ Judith M. Redwood
           Mrs. Judith M. Redwood   6257623
           for The Plaintiff
February 24, 2016     Redwood Law Office
           P.O. Box 864
           St. Joseph, IL 61873
           (217) 469-9194
           fax (217) 469-8094
           redwoodlaw42@hotmail

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that I electronically filed the *Plaintiff's Petition for Fees and Costs* on February 24, 2016 with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following: Jude M. Redwood, James C. Cook, Joseph A. Bleyer and Emma Steimel.

            /s/ Judith M. Redwood
           Mrs. Judith M. Redwood   6257623
           for The Plaintiff
February 24, 2016     Redwood Law Office
           P.O. Box 864
           St. Joseph, IL 61873
           (217) 469-9194
           fax (217) 469-8094
           redwoodlaw42@hotmail.com