IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ISAAC W. CAPPS,                              )
                                             )
                Plaintiff,                   )
v.                                           )      No:  14-00441-NJR-DGW
                                             )
KEVIN DRAKE, JARED FREEMAN,                  )
SHAWN ISAACS, JAMES TROGOLO,                 )
KEVIN ROYE, and BRICE SHAFFER,               )
                                             )
                Defendants.                  )

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

NOW COMES James Trogolo, a Police Officer of the City of West Frankfort, Illinois, by his attorney James C. Cook of Walker and Williams P.C. filing this response in opposition to plaintiff's motion for award of attorney fees (Doc. 186):

42 USC §1988(b) states that in an action to enforce the provisions of 42 USC §1983, "*** the court, in its discretion, may allow the prevailing party *** a reasonable attorney's fee as part of the costs."   Expert fees may also be included under §1988(c).

Reasonable rates and time expended do not automatically translate into a fee award for a prevailing plaintiff.   While the prevailing party in a Federal civil rights case is entitled to an award of attorney fees under §1988, the fees must be reasonable, and Courts have found a reasonable fee can sometimes be zero.   *E.g.*, *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d, 494, 505-06 (1992) (nominal damage award, fee denied); *Cartwright v. Stamper*, 7 F.3d 106, 110 (7th Cir. 1993) (nominal damage award; fee denied); *Willis v. City of Chicago*, 999 F.2d 284,

290 (7th Cir. 1993) (nominal damages, no fee); *Maul v. Constan*, 23 F.3d 143, 147 (7th Cir. 1994) ($7,500 *de minimis* award against each of 3 defendants; fee denied); *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996) ($4.00 nominal damage award; fee denied); *Reid v. Boyd*, (S.D. Ill. No. 05-679-MJR-DGW, Doc. 82, Feb. 8, 2007) ($46,560 demand; $820 damage award; fee denied); *Frizzell v. Szabo*, 647 F.3d 698, 703 (7th Cir. 2011) ($1.00 nominal damage award; fee denied); *Aponte v. City of Chicago*, 728 F.3d 724, 731 (7th Cir. 2013) ($100 verdict against one defendant; fee denied).

## PLAINTIFF'S LODESTAR CALCULATION IS NOT REASONABLE

In determining what, if any, attorney fee award is appropriate, the starting point is the lodestar method which is intended to afford "an objective and reasonable basis for fees." *Perdue v. Kenny A.*, 559 U.S. 542, 551, 558, 130 S.Ct. 1662, 1672, 1676, 176 L.Ed.2d 494 (2010).   Under the lodestar method, the Court multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate prevailing in the community. *Pickett v. Sheridan Healthcare Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).   It makes a contextual and fact-specific assessment of what fees are reasonable, and has wide, though not boundless discretion when making that assessment. *Perdue*, 559 U.S. at 558, 130 S.Ct. at 1676, 176 L.Ed.2d 494; *Montanez v. Simon*, 755 F.3d 547, 552-53 (7th Cir. 2014).   The presumption that the lodestar calculation yields a reasonable award is strong, *Pickett*, 664 F.3d at 639, and the primary goal in shifting fees is "to do rough justice, not to achieve auditing perfection[.]" *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011);

*Montanez*, 755 F.3d at 555.   Courts nevertheless have broad discretion to strike or disregard vague or unjustified billing entries. *Montanez*, 755 F.3d at 556, citing *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000).

Once the lodestar (number of hours reasonably expended multiplied by reasonable hourly rate) is calculated −− $397,622.50 by plaintiff's calculation here −− almost 12.4 times the jury verdict −− the Court may adjust that amount up (enhancement) or down (reduction) to take into account pertinent factors which include: time−labor required; novelty−difficulty of questions; skill needed to perform the legal services; preclusion of other employment by attorney; the customary fee; whether fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation, ability of attorney;   "undesirability" of case; nature and length of relationship with client; and awards in similar cases. *Spellan v. Board of Education, Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995); see also *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S.Ct. 1933, 76 L.Ed.2d 40, 48 n. 3 (1983); *Mathur v. Board of Trustees of SIU*, 317 F.3d 738, 742 (7th Cir. 2003).   The lodestar may be reduced when " 'a plaintiff has achieved only partial or limited success,' " *Montanez*, 755 F.3d at 556 quoting *Hensley*, 461 U.S. at 435-36, 103 S.Ct. 1933, 76 L.Ed.2d at 52.

In this case, defendant Trogolo objects to plaintiff's lodestar calculation and request for an enhancement or multiplier of 2 for the following reasons:

### 1. The Hourly Rate

The hourly rates claimed for attorney Jude Redwood ($450/hour) and paralegal Erik Redwood ($175/hour) are excessive, unsupported and not based on local market rates.   An award of attorney fees must be reasonable within the "community." *Jeffboat, LLC v. Director*, *Office of Workers' Comp. Progs.*, 553 F.3d 487, 490 (7th Cir. 2009) (Judges may adjust out-of-town attorney's rate downward when calculating lodestar if local counsel could have provided comparably effective legal services).   The burden to establish market rate (with evidence that goes beyond the attorney's own affidavit) is on the fee applicant, *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012), and "best evidence" of market rate is the amount the attorney actually bills for similar work. *Montanez*, 755 F.3d at 547.   If that rate cannot be determined, the Court must rely on evidence of rates charged by similarly experienced attorneys in the community and rates set for the attorney in similar cases.   Id.; *Johnson*, 668 F.3d at 933.   Fee awards in similar cases "must" be considered as evidence of an attorney's market rate, but are not controlling. *Pickett*, 664 F.3d at 646.   Examples from the Southern District include *Lasswell v. Johnson City*, (S.D. Ill. No. 05-4145-JPG, Doc. 47, June 14, 2006) ($250, 200,   125/hr; paralegal, $75/hr), *Reid v. Boyd*, (S.D. Ill. No. 05-679-MJR, Doc. 82, Feb. 8, 2007) ("There is nothing particularly troubling *** " about $250/hr), *Holder v. IDOC*, (S.D. Ill. No. 09-1082-JPG, Doc. 97, Oct. 18, 2012)($200/hr).

Here, plaintiff's counsel contends she could charge $450/hour to fee-paying clients in similar cases, but submits no evidence to substantiate she actually charges

and is paid that amount by any client.   She accepted $350/hour in one case she identifies, *Hawkins v. Mitchell,* C.D. Ill. No. 10-2111-TSH, Doc. 99, Dec. 26, 2014; Exhibit 5, Doc. 186-5.   Affidavits like those of the Redwoods and John Taylor "that merely opine" on market rates are insufficient.   *Batt v. Micro Warehouse, Inc.,* 241 F.3d 891, 895 (7th Cir. 2001); *Pickett*, 664 F.3d at 647.   Plaintiff's only specific evidence to support hourly rates for the lodestar analysis here are the rates used in *Hawkins* −− $350/hour for Jude Redwood and $125/hour for paralegal Erik Redwood.

### 2. Adequate Documentation

Plaintiff must submit evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433.   When documentation of hours claimed is inadequate, the Court can reduce the award accordingly.   Id.   Incomplete or imprecise billing records preclude meaningful review by the Court and should be reduced. *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000).   See Exhibits 1-6, defendant's recapitulation of plaintiff's inadequate submission documenting the hours expended working the case.   Attorney fees should reflect hours reasonably required to "see the case through trial, to appeal, and for the collection of fees." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).   A party may not collect fees for hours that are excessive, redundant, or otherwise unnecessary. 668 F.3d at 931, quoting *Hensley*, 461 U.S. at 434 and a court may strike or disregard vague or unjustified billing entries like those submitted here. *Montanez*, 755 F.3d at 556, citing *Harper v. City of Chicago Heights*, 223 F.3d 593,

605 (7th Cir. 2000).   Defendant challenges and asks that the Court strike or disregard from the lodestar calculation plaintiff's time entries that improperly include time for secretarial tasks by Jude Redwood, see attached Exhibit 1 (12.9 hrs.), and paralegal Erik Redwood, Exhibit 2 (29.1 hrs.), excessive, redundant or unnecessary work by both, Exhibits 3 (46.6 hrs.), 4 (24.3 hrs.), and duplicative charges, Exhibits 5 (86.2 hrs. vs. 91.2 hrs.), 6 (61.7 hrs. vs. 61.7 hrs.).

### 3.  Secretarial Tasks

Tasks that are secretarial in nature, but performed by an attorney or a paralegal are not compensable. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999).   The relevant inquiry is whether the work is sufficiently complex to justify the efforts of a paralegal or attorney, as opposed to someone who is clerical. *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1315 (7th Cir. 1996). See Exhibits 1, 2, secretarial tasks.

### 4.  Duplication and Excessive Hours

Where attendance by more than one attorney (or here a paralegal) at the same conference, deposition, court proceeding, or trial is not justified, the fees should be reduced. *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989). Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933, 76 L.Ed.2d at 50-51, and the Court should scrutinize the petition carefully for such duplicative time.   *Jardien*, 888 F.2d at 1160.   See

Exhibits 3, 4, excessive, redundant or unnecessary work and Exhibits 5, 6, duplicative charges.

### 5. $5,000 Retainer Paid to Abandoned TASER Expert Michael Leonesio

Though originally announced as plaintiff's expert witness, plaintiff's counsel confirmed at the June 8, 2015 status conference with Judge Wilkerson (Doc. 55) Leonesio would not be used as a police procedures or TASER expert nor did he produce Leonesio's Fed.R.Civ.P. 26(a)(2) report by the May 11, 2015 deadline or for deposition by the May 22nd deadline. Doc. 49.   The $5,000 paid to Leonesio was not a reasonable or necessary expense, nor were consultations with Leonesio prior to his withdrawal on June 8, 2015 that are reflected in Jude Redwood's time entries for 4-10-15, 4-15-15, 5-1-15 and 5-2-15, and paralegal Erik Redwood's post-verdict conference with him on 2-9-16.   See Exhibits 3, 4, excessive, redundant or unnecessary work.

### 6. Travel Reimbursement

Plaintiff seeks double recovery for "Driving Time" which for Jude Redwood totals 61.7 hours.   An identical claim has been made for paralegal Erik S. Redwood. See Exhibit 6 comparing duplicative driving charges.   Travel time should be denied or halved.

### 7. Statutory Interest

Statutory interest automatically accrues on judgments per 28 USC §1961. Here, plaintiff requests that the Court order judgment interest at a rate of 0.54 which

is not the applicable rate.   The actual rate for the week judgment was entered in this case, February 8, 2016, is 0.52, not 0.54.   See Exhibit 7, http://www.uscourts.gov/services-forms/fees/post-judgement-interest-rate and http://www.federalreserve.gov/releases/h15/current/.   Again, however, it is unnecessary to even order accrual of post-judgment interest as the accrual is automatic under 28 USC §1961.

### 8.  Enhancement or Request for "Multiplier of 2"

Plaintiff's request for a "multiplier of 2" is unreasonable and unnecessary and if awarded would result in an attorney fee nearly 24.8 times the jury verdict!   In *Perdue*, the Supreme Court identified "6 important rules" that guide the fee-shifting analysis: (1) a "reasonable fee" is one sufficient to induce a capable attorney to undertake representation of a meritorious civil rights case; (2) the lodestar method yields a fee presumptively sufficient to achieve this purpose; (3) though the Supreme Court has never sustained enhancement of a lodestar amount for performance, enhancements may be awarded in "rare" and "'exceptional" circumstances; (4) an enhancement may not be based on a factor that is part of the lodestar calculation; (5) the burden of proving an enhancement must be borne by the fee applicant; and (6) there must be "specific evidence" to support the enhancement.   *Perdue*, 559 U.S. at 552-53, 130 S.Ct. at 1672-73, 176 L.Ed.2d 494.

Plaintiff's request for enhancement is unsupported and disregards *Perdue*'s 6 rules.   There is a "strong presumption" the lodestar figure is reasonable, which may be overcome only in the rare circumstance when the lodestar does not adequately

8

take into account a factor that may be properly considered in determining a reasonable fee:

> "And in light of the principles derived from our prior cases, we inquire whether there are circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation.  We conclude there are few such circumstances but that these circumstances are indeed 'rare' and 'exceptional,' and require specific evidence that the lodestar fee would not have been 'adequate to attract competent counsel,' [citation]." *Perdue*, 559 U.S. at 554, 130 S.Ct. at 1674, 176 L.Ed.2d 494.

Here, plaintiff has not presented specific evidence a lodestar fee would be inadequate to attract competent counsel.   Rather, he persistently repeats sanctions arguments[1] that even though the case does not present novel or difficult questions, he had to respond to defendants' assertedly frivolous summary judgment motions challenging whether the evidence including the undisputed videotape of plaintiff's arrest established use of excessive force or a Fourth Amendment violation, and whether defendants have qualified immunity.   The Court rejected that argument and instead announced the State Police dash cam video of plaintiff's arrest presents disputed factual questions a jury should decide. Doc. 109, Dec. 2, 2015 bench ruling and denial of plaintiff's sanctions motions, Docs. 101-105.   Nonetheless, plaintiff seeks fees for preparation of the sanctions motions, even an unfiled motion under 28 USC §1927, see Doc. 186-7, pp. 1-6, and asks that the lodestar be enhanced!   Instead of awarding fees or an enhancement for that unnecessary work, the Court may reduce the

---

[1] Comparable to arguments and conduct condemned in *Redwood v. Dobson*, 476 F.3d 462, 470 (7th Cir. 2007).

lodestar because the jury's modest verdict awarding damages of $32,092 shows "Plaintiff has achieved only partial or limited success[.]".   Compare *Montanez*, 755 F.3d at 556 (lodestar slashed 50%; straight-forward excessive-force case, $2,000 verdict, $400,000 fee sought; "over-litigated," "simple civil-rights claim"); *Holder*, (S.D. Ill. No. 09-1082-JPG, Doc. 97) (50% reduction).

Defendants need to assert and preserve the supposedly frivolous Fourth Amendment and qualified immunity defenses was addressed in *Hawkins v. Mitchell*, 756 F.3d 983 (7th Cir. 2014) where the Seventh Circuit cautioned in a series of instructive footnotes:

> "3. When, as here, police officers are sued under 42 USC §1983 for allegedly violating Constitutional rights, qualified immunity often proves to be the decisive rule of law.   Cf. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (allowing courts to dispose of claims against public officials for violating Constitutional rights without considering whether a right was violated, by determining that it was in any event not 'clearly established').   This opinion does not address qualified immunity in substance, however, because Mitchell and Bowersock did not discuss it on appeal.   And, while '[W]e can "affirm on any ground supported in the record, so long as that ground was adequately addressed in the District Court and the nonmoving party had an opportunity to contest the issue," ' *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) (quoting *Peretz v. Sims*, 662 F.3d 478, 480 (7th Cir. 2011)), the officer's briefing in the District Court did not ensure the fulfillment of those criteria with respect to qualified immunity." 756 F.3d at 990 n.3.

In footnote 4, the Court stated:

> "4. Very similar, but not necessarily identical in the abstract.   For a constitutional claim asserted under 42 USC §1983, such as Count I, the doctrine of qualified immunity generally would be in play, unless the public-official defendants waive or forfeit the defense." 756 F.3d at 991 n. 4.

And, in footnote 11:

> "11. ***.  But qualified immunity is not available to the officers as a defense, here or on remand.   None of the reasons given by the *Thayer* Court for granting qualified immunity from a claim for arrest in retaliation for First Amendment activity notwithstanding the defendant- officer's failure to argue it on appeal is present.   See *Thayer*, 705 F.3d at 252-53; supra note 3.   That is, Mitchell and Bowersock neglected to raise qualified immunity from *any* cause of action, not only here but also in the district court.   ***.   Thus, we cannot say, as the *Thayer* Court could, that the defendants made the plaintiff aware of qualified immunity as an issue so that he had an opportunity to respond.   Cf. id.   Finally, because Mitchell and Bowersock left qualified immunity out of their answer to the amended complaint, there is no reason to let them assert it upon remand." 756 F.3d at 996 n.11.

Raising/preserving such issues is essential to proper defense of a §1983 case like this and are not frivolous or sanctionable as plaintiff argues.

## ALTERNATIVE TO LODESTAR CALCULATION

"When recovery is low *enough* in relation to the demand, however, the judge may jettison the lodestar apparatus and choose an appropriate fee using other means." *Cole v. Wodziak*, 169 F.3d 486, 487 (7th Cir. 1999).   When the jury awards either nominal or relatively modest damages, *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996) teaches it is appropriate to instead apply the three-part test from Justice O'Connor's concurrence in *Farrar*, 506 U.S. at 120-21 for determining whether the "prevailing party" is entitled to attorney's fees under 42 USC §1988. The three factors are: (1) the difference between the judgment recovered and recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation.   Only if these factors weigh in

favor of awarding fees should the Court consider lodestar factors.

The first *Briggs* factor is most significant. *Briggs*, 93 F.3d at 360.   The Court must determine whether, as in *Farrar*, the plaintiff aimed high and fell far short, in the process inflicting heavy costs on his opponent and wasting the Court's time, or whether the case was simply a small claim and tried accordingly.    In the former, fees are not awarded or are minimized.    In the latter, when the civil rights plaintiff aims small and obtains an amount that is significant in relation to that aim (he need not reach the target), *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997) teaches he is *prima facie* entitled to an award of fees, even if the case sets no precedent.

*Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) (RICO and supplemental State law claims) holds plaintiff's modest recovery implies an award of attorney fees should be refused:

> "The term 'prevailing party' appears in many statutes and rules other than Rule 54(d).   Many statutes provide, for example, that a prevailing party recovers attorneys' fees.   We have held in a series of recent cases that a litigant who wins less than 10% of his initial demand either is not a prevailing party for purposes of fee-shifting statutes or should be treated *as if* he had not prevailed. *E.g., Cole v. Wodziak*, 169 F.3d 486 (7th Cir. 1999); *Fletcher v. Fort Wayne*, 162 F.3d 975 (7th Cir. 1998); *Simpson v. Sheahan*, 104 F.3d 998 (7th Cir. 1997).   Recovery of less than 10% of the claim shows that, even making allowances for puffing in the complaint, the defendant has won on the bulk of the seriously disputed items.   Just so here."

In this case, plaintiff's initial settlement demand was $2 million. Exhibit 8.   At the first settlement conference with Judge Wilkerson, plaintiff refused to reduce that demand even after the defendants extended an initial offer of $47,500.   Later, when

asked to participate in a second settlement conference with Judge Frazier, plaintiff increased the demand to $3.5 million.   Exhibit 9.   After defendants increased their settlement offer to $200,000, Exhibit 10, plaintiff demanded $3.6 million, never reducing it. Exhibit 11.   At trial, the jury awarded modest damages −− $22,000 compensatory damages against all 6 defendants, punitive damages of $5,000 apiece against Trogolo and Roye, and punitive damages of $23.00 apiece against Drake, Freeman, Isaacs and Shaffer.   The total awarded was $32,092 or less than 1% of plaintiff's last demand.   Now, plaintiff seeks §1988 attorney fees/costs of $397,622.50 x 2 = $795,245.00.   In *Cole v. Wodziak*, 169 F.3d at 488-89, Judge Easterbrook said a trial judge may validly conclude the only reasonable fee under §1988 could be a percentage of recovery (30-40%, but "A fee 19 times the damages ***  is off the map") given the low ratio of damages awarded to compensation demanded. Applying *Cole*, this Court could conclude the only reasonable §1988 fee in this case could be one-third of $32,092, $10,697.33 (or alternatively, a 30% fee of $9,603.00, or perhaps a 40% fee of $12,804.00).

The second *Briggs* factor, significance of legal issue on which plaintiff prevailed, is said to be the least significant of the three. *Briggs*, 93 F.3d at 361. Under this factor the Court is to "Look not at the relief obtained but to the extent the plaintiff succeeded on [his] theory of liability." *Cartwright v. Stamper*, 7 F.3d 106, 110 (7th Cir. 1993).   This factor addresses "the legal import of the Constitutional claim on which plaintiff prevailed." *Maul*, 23 F.3d at 145.   To properly assess it, one

13

needs to compare the case as originally pleaded with the manner in which it was ultimately decided.   Here, plaintiff pursued excessive force and failure to intervene claims against six defendants.   He succeeded against two, Trogolo and Roye on the excessive force claim, but failed as to the other four defendants.   He succeeded against all defendants on the failure to intervene claims.   The jury awarded compensatory damages of $22,000 against all defendants, punitive damages of $5,000 apiece against Trogolo and Roye, but only $23 apiece against the other four defendants.   As in *Cartwright*, plaintiff had modest, though more than *de minimis* success:

> "This factor, therefore, suggests, albeit modestly, that the victory was more than *de minimis*.   *See* id. at 16 (indicating that relief obtained compared to the scope of the litigation was 'limited, although significant').   Of the three factors, however, the significance of the issue on which the party prevailed tends to be the least weighty in classifying the victory.   *Cf. Borst*, 979 F.2d at 517 (victory in obtaining nominal damages not *de minimis* even though plaintiff was successful on only one of its claims against one of four defendants); *Ustrak*, 851 F.2d at 983 (victory in obtaining nominal damages not *de minimis* even though plaintiff successful on only one of six counts)."   7 F.3d at 110.

This factor does not strongly favor the plaintiff.

The third factor considers the public purpose served by plaintiff's suit assessing primarily whether his "victory vindicated important rights and deterred future violations."   See *Cartwright*, 7 F.3d at 110.   Since all successful §1983 claims necessarily involve violation of a Constitutional right, attorney fees are appropriate after *Farrar* only when a plaintiff's victory entails something more than the conclusion a Constitutional right has been infringed.   *Maul*, 23 F.3d at 146.

Plaintiff's victory here serves little or no public purpose. This case does not contribute to development of legal principles nor has it broken new Constitutional ground. The question here was whether the amount of force used was objectively reasonable in light of settled precedent (whether there was a Fourth Amendment violation; whether defendants have qualified immunity). That is not to say that if there was a Constitutional violation, it was petty or *per se* unworthy of redress. See *Hyde*, 123 F.3d at 585.

But courts now reject the reasoning that fee shifting is needed to induce lawyers to take civil rights cases "*** observing that although the support of civil rights litigation may be beneficial to the public weal, the fee-shifting statutes do not require defendants to cover the cost." *Cole*, 169 F.3d at 488 citing *Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed. 2d 449 (1992), cf. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed. 2d 585 (1987). *Cole* explains this:

> "After *Dague* a fee is reasonable, or not, only in relation to the plaintiff's own case. *Hyde* holds that a plaintiff who suffers a slight injury and does not over-claim in court is entitled to a compensatory fee even if that fee exceeds the damages. It did not hold that a person who suffers a slight injury and makes an exaggerated claim should be treated similarly. Exaggerated claims impede settlement and consume scarce legal resources. This trial may have been simple, with 6 witnesses in a swearing contest about who said what to whom, but it lasted 3 days, the median for a trial in the Northern District of Illinois, and thus required a commitment of judicial resources disproportionate to both the anticipated and the actual recovery.
>
> ***
>
> "Cases such as *Farrar* −− and, in this Circuit, *Fletcher v. Ft. Wayne*, 162

F.3d 975 (7th Cir. 1998), and *Simpson v. Sheahan*, 104 F.3d 998 (7th Cir. 1997) −− show that recovering less than 10% of the demand is a good reason to curtail the fee award substantially.

"Although plaintiffs were prevailing parties, the District Court readily could have concluded that the only reasonable fee was a percentage of the recovery, as in tort litigation.   See *Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986)."   *Cole*, 169 F.3d at 489.

In this case, in relation to the plaintiff's own case, the requested §1988 fee of $795,245.00 ($397,622.50 x 2) which is almost 24.8 times the jury verdict is unreasonable!  The jury's verdict shows it believed plaintiff sustained only slight injury at the hands of the defendants and has exaggerated his claim.   Clearly also plaintiff has not engaged in a good faith effort to settle the case despite the Court's repeated offers of settlement conferences with Magistrate-Judge Wilkerson on August 20, 2015 and Magistrate-Judge Frazier on January 4, 2016.   See Docs. 81, 131, 148, 151 and 190.   Those efforts only resulted in increasingly exaggerated settlement demands, unreasonable and stubborn resistance to good-faith efforts by defendants and the Court's encouragement of settlement.   As in *Cole*, plaintiff's "exaggerated claims impede[d] settlement and consume[d] scarce legal resources."

**IMPACT OF SUBSTANTIAL SETTLEMENT OFFER ON FEE AWARD**

And there is still another alternative to the lodestar method −− the Seventh Circuit has also concluded a substantial settlement offer is a factor the Court should consider in determining the amount of a fee award, even when a Fed.R.Civ.P. 68 offer of judgment has not been made.   *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2001), on later remand 429 F.3d 710 (7th Cir. 2005).   The Court reasoned attorney fees

accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and a reasonable attorney's fee should thus be less than the lodestar calculation —

> "Determining whether an offer is substantial is left in the first instance to the discretion of the district court.   Nevertheless, an offer is substantial if, as in this case, the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party.   In such circumstances, a district court should reflect on whether to award only a percentage (including 0%) of the attorney's fees that were incurred after the date of the settlement offer." 233 F.3d at 967.

Here, defendants offered $47,500 ($45,000 of which was contributed by Trogolo) at the first settlement conference with Judge Wilkerson, an amount more than the jury's ultimate verdict of $32,092.   Thereafter, after the second settlement conference with Judge Frazier, the defendants extended an even more substantial settlement offer of $200,000 ($100,000 of which was contributed by Trogolo) which plaintiff also rejected. Exhibits 10, 11.

In *Moriarty II*, the Court stated:

> "If the district court chooses to use a substantial offer as a cut-off point for the award of attorney's fees, such a decision is within its discretion given the facts of this case.   However, the district court must offer an explanation as to why it chooses to use one substantial offer as a cut-off, but not another."   429 F.3d at 720

In *Moriarty II*, the case was again remanded to the District Court to make the necessary findings.

In this case, defendant Trogolo submits the $47,500 offer of August 20, 2015 ($45,000 of which was contributed by him) was "substantial" in that it was more than

the total damages awarded by the jury, and, accordingly, accrual of plaintiff's attorney fees should be cut off as of the date of that offer, August 20, 2015.   Using that cut-off date, the reduction could be:

Jude Redwood

| | |
|---|---|
| 222.7 hrs. (8/20/15-2/24/16) x $350/hr. = | −$77,945.00 |
| Exclusion for secretarial/redundant/ unnecessary work (prior to 8/20/15) 35.9 hrs. x $350/hr. = | −$12,565.00 |
| Exclusion for driving (after 8/20/15) 36.7 hrs. x $350/hr. = | −$12,845.00 |
| 295.3 hrs. reduction: | −$103,355.00 |

$254,345.00 − $103,355.00 = $150,990.00   (Jude Redwood fee)

Erik Redwood

| | |
|---|---|
| 294.9 hrs. (8/20/15-2/24/16) x $125/hr. = | −$36,862.50 |
| Exclusion for secretarial/redundant/ unnecessary work (prior to 8/20/15) 31.8 hrs. x $125/hr. = | −$3,975.00 |
| Exclusion of all driving (after 8/20/15) 36.7 hrs. x $125/hr. = | −$4,587.50 |
| 363.4 hrs. reduction: | −$45,425.00 |

$46,862.50 − $45,425.00 = $1,437.50    (paralegal cost)

Alternatively, defendant submits the $200,000 offer of January 18, 2016 ($100,000 of which was contributed by Trogolo) was "substantial" and could be used as another cut-off date for accrual of recoverable attorney fees.   Using that cut-off date, the reduction could be:

Jude Redwood

    117.7 hrs. (1/18/16-2/24/16) x $350/hr. =       −$41,195.00

    Exclusion for secretarial/redundant/
      unnecessary work (prior to 1/18/16)
      56.6 hrs. x $350/hr. =        −$19,810.00

    Exclusion for driving (after 1/18/16)
      2.7 hrs. x $350/hr. =         −$945.00
                      177 hrs. reduction:    −$61,950.00

    $254,345.00 − $61,950.00 = $192,395.00   (Jude Redwood fee)

Erik Redwood

    72.7 hrs. (1/18/16-2/24/16) x $125/hr. =       −$9,087.50

    Exclusion for secretarial/redundant/
      unnecessary work (prior to 1/18/16)
      42.5 hrs. x $125/hr. =        −$5,312.50

    Exclusion for driving (after 1/18/16)
      2.7 hrs. x $125/hr. =         −$337.50
                    117.9 hrs. reduction:    −$14,737.50

    $46,862.50 − $14,737.50 = $32,125.00    (paralegal cost)

WHEREFORE, defendant Trogolo prays plaintiff's motion for award of attorney fees be denied; or that the Court award as an alternative to the lodestar method a 1/3 fee of $10,697.33, or 30% percent fee of $9,603, or 40% of $12,084; or alternatively using the August 20, 2015 refusal of the $47,500 settlement offer as a cut-off date for fees, that Jude Redwood's attorney fee at $350/hr[2] be reduced to $150,990, and the paralegal cost at $125/hr be reduced to $1,437.50 for a total §1988

---

[2] Or, use the "local" $250/hr. rate of cases like *Lasswell*, *Reid* and *Holder,* and $75/hr. paralegal rate, see p. 4 above.

award of $152,427.50 (or $91,337.50 using $250-$75/hr rates); or as a further alternative using the January 18, 2016 rejection of a $200,000 settlement offer as a cut-off date, that Jude Redwood's fee at $350/hr[3] be reduced to $192,395 and the paralegal cost at $125/hr reduced to $32,125 for a total §1988 award of $224,520 (or $141,825 using $250-$75/hr rates); or if the Court uses the lodestar method, that it find a reasonable hourly rate for Attorney Jude Redwood is $350/hr,[4] reasonable paralegal rate for Erik S. Redwood is $125/hr, that no enhancement be awarded or that the lodestar be reduced by 50% because of plaintiff's modest or limited success, that expert costs sought under §1988(c) for abandoned or withdrawn expert Michael Leonesio be denied, that accrual of statutory interest be disregarded as it is otherwise set by law, that Attorney Jude Redwood's hours be reduced from 726.7 hours to no more than 667.2 hours, that paralegal hours of Erik S. Redwood be reduced from 374.9 hours to no more than 168.6 hours for a total §1988 award of $254,595 (or $208,950 using $250-$75/hr rates), or with the 50% reduction, $127,797.50 (or $104,470 using $250-$75/hr rates).

OFFICER JAMES TROGOLO

By: s/James C. Cook
James C. Cook
Walker and Williams, P.C.
4343 West Main Street
Belleville, Illinois 62226
(618) 277-1000
Fax: (618) 233-1637, (618) 277-9104

---

[3] [4] Or, use the "local" $250/hr. rate of cases like *Lasswell*, *Reid* and *Holder,* and $75/hr. paralegal rate, see p. 4 above.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2016 I electronically filed Response in Opposition to Plaintiff's Motion for Award of Attorney Fees with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Judith M. Redwood
Redwoodlaw42@hotmail.com

Joseph A. Bleyer
K. Rockne Bleyer
jableyer@bleyerlaw.com
kbleyer@bleyerlaw.com

Emma Dorothy Steimel
esteimel@atg.state.il.us

s/James C. Cook
James C. Cook
Walker and Williams, P.C.
4343 West Main Street
Belleville, Illinois 62226
(618) 277-1000
Fax: (618) 233-1637, (618) 277-9104
Email:   jcc@wawpc.net