IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISSAC CAPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-00441-NJR-DGW |
| | ) |
| KEVIN DRAKE, JARED FREEMAN, | ) |
| SHAWN ISSACS, JAMES TROGOLO, | ) |
| KEVIN ROYE, and BRICE SHAFFER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Defendants' Renewed Motions for Judgment as a Matter of Law pursuant to Rule 50(b) and Motions to Alter or Amend the Judgment pursuant to Rule 59(e).[1] In this case, Plaintiff Isaac Capps sued Defendants asserting that his constitutional rights were violated and seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff claimed that, during a traffic stop on April 17, 2012, Defendants Drake, Roye, Shaffer, and Trogolo used excessive force while arresting him by using a taser and that all Defendants failed to intervene to stop the excessive force, in violation of his Fourth Amendment rights.

Plaintiff's claims proceeded to trial on January 25, 2016. At the close of Plaintiff's evidence, Defendants orally moved for judgment as a matter of law pursuant to Federal

---

[1] Plaintiff's motion for attorney's fees and costs (Doc. 186) and his supplement to that motion (Doc. 219) were referred to Chief Judge Reagan. A hearing on the motions was held on September 6, 2016. Those motions will be decided by separate order to be issued by Chief Judge Reagan.

Rule of Civil Procedure 50(a). Defendant Trogolo then filed a written Motion for Judgment as a Matter of Law (Doc. 160), which all Defendants joined. At the close of all evidence, Defendants renewed their Motion for Judgment as a Matter of Law (Doc. 165). On February 1, 2016, the jury returned a verdict in favor of Plaintiff on the claim of excessive force against Defendants Trogolo and Roye and against all Defendants on the claim of failure to intervene. The jury found in favor of Defendants Drake and Shaffer on the claim of excessive force. Capps was awarded compensatory damages of $22,000 against all defendants. The jury awarded punitive damages of $5,000 against Defendant Trogolo, $5,000 against Defendant Roye, and $23 each against Defendants Drake, Freeman, Isaacs, and Shaffer.

On February 26, 2016, Defendant Trogolo filed a Rule 50(b) Renewed Motion for Judgment as a Matter of Law and Rule 59(e) Motion to Alter or Amend Judgment (Doc. 192). Defendants Royce and Shaffer similarly filed a Rule 50(b) Renewed Motion for Judgment as a Matter of Law and Rule 59(e) Motion to Alter or Amend Judgment (Doc. 194) on March 3, 2016. Defendants Drake, Freeman, and Issacs also renewed their Motion for Judgment as a Matter of Law on March 3, 2016, and moved under Rule 59(e) to alter or amend the judgment (Doc. 195). Although Defendants filed separate motions, each motion asserts the same bases for relief. Defendants claim that their motions should be granted because (1) the evidence at trial was insufficient to show as a matter of law that Defendants' use of force was excessive; (2) no excessive force was used, and no defendant had a realistic opportunity to intervene; (3) each defendant was entitled to qualified immunity; and (4) there was insufficient evidence to support the jury's award

of punitive damages against Defendants because there was no evidence to show they acted recklessly or with a callous indifference to Plaintiff's Fourth Amendment rights. Plaintiff responded to Defendants' motions on April 15, 2016 (Docs. 212, 213, 214).

## DISCUSSION

### I. Legal Standard

A motion for judgment as a matter of law made during trial that is denied by the Court must be renewed pursuant to Federal Rule of Civil Procedure 50(b) to preserve issues or grounds for appellate review. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401 (2006). Similarly, a motion to alter or amend judgment under Rule 59(e) is designed to permit the Court to reconsider matters decided by the judgment and must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

A renewed motion for judgment as a matter of law should only be granted where, in viewing the evidence in light most favorable to the non-moving party, there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 886 (7th Cir. 2001); *Payne v. Milwaukee Cnty.*, 146 F.3d 430, 432 (7th Cir. 1998); *see also* FED. R. CIV. P. 50(a). Evidence is strictly construed "in favor of the party who prevailed before the jury," and the Court may examine "the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012). The Court does not make credibility findings or weigh the evidence, and it must disregard evidence favorable to the moving party that the jury was not required to believe. *Id.* The Court must "leave the judgment undisturbed unless the moving party can show that 'no rational jury could have brought in a verdict against [it].'" *Hossack v. Floor Covering*

*Associates of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007) (quoting *Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 926 (7th Cir. 2004)). When a case turns on credibility, judgment as a matter of law is not proper unless the objective evidence shows that it would be unreasonable to believe a critical witness from one side. *Payne*, 146 F.3d at 433. In ruling on the renewed motion, the Court may allow judgment on the verdict, order a new trial, or direct the entry of judgment as a matter of law. FED. R. CIV. P. 50(b).

II.     **Defendants' Renewed Motions for Judgment as a Matter of Law**

Defendants' renewed motions argue that the Court should grant Defendants' Motion for Judgment as a Matter of Law or, alternatively, alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) by issuing judgment in favor of Defendants because excessive force was not used, therefore there was no need to intervene. Defendants also claim that they are protected by the doctrine of qualified immunity, and that there was insufficient evidence to support an award of punitive damages against Defendants.

    A.     **Excessive Force**

Excessive-force claims in the context of an arrest are reviewed under the Fourth Amendment's objective-reasonableness standard. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010) (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989); *Abdullahi v. City of Madison,* 423 F.3d 763, 768 (7th Cir.2005)). "This inquiry requires an examination of the 'totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government[al] interests at stake.'" *Id.* (quoting *Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000)).

The nature and extent of the force that may reasonably be used to effectuate an arrest depends on the specific circumstances of the arrest, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 861-62 (quoting *Graham,* 490 U.S. at 396). Because law-enforcement officers must make critical, split-second decisions in difficult and potentially explosive situations, the reasonableness of the officer's actions must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* Particularly relevant to this case, "[w]hen the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 941 (7th Cir. 2006) (citing *Scott v. Harris*, 550 U.S. 372, 379-81 (2007)).

In this case, the videotape evidence of the incident is subject to different interpretations. As Defendants were arresting Plaintiff for DUI, he was told to put his arms behind his back. Plaintiff claims he did not hear the instructions. Defendants claim the video shows Plaintiff stiffening his body and outstretched arms as Defendants Freeman and Shaffer attempted to pull Plaintiff's arms behind his back. Plaintiff claims he actually was being tased at that moment by Defendant Shaffer, which caused his body to stiffen. Defendants claim Plaintiff tried to grab Defendant Trogolo's taser. Plaintiff testified he involuntarily reacted as a result of being tased (Doc. 211, p. 50). Unfortunately for Defendants, the video does not blatantly contradict Plaintiff's version

of the events. Based on the evidence before it, a reasonable jury could conclude that Plaintiff was not resisting arrest, that he did not pose a threat to the safety of the officers, and, therefore, that Defendants' use of a taser was unreasonable.

Because there was a legally sufficient evidentiary basis for the jury to agree with Plaintiff that Defendants Trogolo and Roye used excessive force, the Court cannot grant Defendants' motions on that ground.

### B. Failure to Intervene

Defendants also argue that they cannot be liable under the Fourth Amendment for failure to intervene because there was no excessive force used, and even if there was, they did not have a realistic opportunity to intervene even if they had perceived that harm was occurring. The Court disagrees.

An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know that excessive force was being used, that a citizen has been unjustifiably arrested, or that any constitutional violation has been committed by a law enforcement. *Yang v. Hardin*, 37 F.3d 282, 285, (7th Cir. 1994). The officer must also have had a realistic opportunity to intervene to prevent the harm from occurring. *Id.* "A 'realistic opportunity' means a chance to warn the officer using excessive force to stop." *Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014).

Here, the jury found for Plaintiff on his excessive force claim, and the Court has determined that to be a reasonable conclusion. Thus, the only question is whether Defendants had a realistic opportunity to intervene even if they had perceived that harm

was occurring. The Court finds there was sufficient evidence presented for the jury to find that Defendants had a realistic opportunity to intervene. The video of the incident shows Defendants shouting various things while Plaintiff clearly was being tased. None of those phrases, however, included a warning that the officer using excessive force should stop. Because it was reasonable for the jury to find that Defendants had a realistic opportunity to intervene, the Court declines to grant Defendants' motions on that basis.

### C. Qualified Immunity

Alternatively, Defendants argue they are entitled to judgment as a matter of law because they are entitled to qualified immunity. Specifically, Defendants assert that their actions were not unreasonable, there was no law warning them of the potential illegality of their actions, and Plaintiff's rights were never violated.

The burden in disproving that an individual is protected by qualified immunity falls onto a plaintiff. *Mordi v. Zeigler*, 770 F.3d 1161, 1164 (7th Cir. 2014). "To determine whether a defendant is entitled to qualified immunity, courts must address two issues: (1) whether the defendant violated the plaintiff's constitutional rights, and (2) whether the right at issue was clearly established at the time of the violation." *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014). In other words, even if a plaintiff demonstrates that "excessive force was used, they must further establish that it was objectively unreasonable for the officer to believe that the force was lawful—i.e., they must demonstrate that the right to be free from the particular use of force under the relevant circumstances was 'clearly established.'" *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 725 (7th Cir. 2013).

To be clearly established at the time of the challenged conduct, the right's contours must be 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right,' and 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir.2013) (quoting *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012)); *see also Banks v. Stolz*, No. 12-1473, 2015 WL 1903291, at *4 (C.D. Ill. Apr. 27, 2015) (quoting *Green v. Carlson*, 826 F.2d 647, 649 (7th Cir. 1987)) ("The test for qualified immunity is 'whether the law was clear in relation to the specific facts confronting the public official when [he or she] acted.'").

Here, the jury determined that Defendants Trogolo and Roye violated Plaintiff's right to be free from excessive force, a finding that is supported by the evidence. Thus, the Court must determine whether the right to be free from the particular use of force under the relevant circumstances was "clearly established." *See Abbott*, 705 F.3d at 725.

In *Abbott*, the Seventh Circuit noted that, prior to 2007, "it was well established in this circuit that police officers could not use significant force on nonresisting or passively resisting suspects." *Abbott*, 705 F.3d at 732. Furthermore, even if an initial tasing is justified, it is well-established that "police officers cannot continue to use force once a suspect is subdued." *Id.; see also Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 530 (7th Cir. 2012) (it was clearly established in November 2005 that officers could not use a significant level of force on a nonresisting or passively resisting individual); *Rambo v. Daley*, 68 F.3d 203, 207 (7th Cir. 1995) (denying qualified immunity where police forced a handcuffed, drunk driving suspect who was verbally resisting arrest into a police car by

breaking the suspect's ribs); *St. John v. Hickey*, 411 F.3d 762, 772–75 (6th Cir. 2005) (denying qualified immunity to officers who injured a disabled plaintiff while placing him in police cruiser because, although the plaintiff was "cursing," "yelling," and "passively" resisting, he was not violent or attempting to flee); *Hill v. Miller*, 878 F.Supp. 114, 116 (N.D.Ill.1995) ("[I]t is well established that the use of any significant force . . . not reasonably necessary to effect an arrest—as where the suspect neither resists nor flees or where the force is used after a suspect's resistance has been overcome or his flight thwarted—would be constitutionally unreasonable.") The use of a taser is "more than a *de minimus* application of force" and "falls somewhere in the middle of the nonlethal-force spectrum." *Id.* at 726.

Viewing the evidence in the light most favorable to Plaintiff, Defendants are not entitled to qualified immunity on Plaintiff's excessive force and failure to intervene claims. The Court finds that Plaintiff had a clearly established right not to be tased multiple times after he had been subdued. Plaintiff testified that he continued to be tased after he was already on the ground, surrounded by numerous officers. While Defendants claim Plaintiff was refusing to comply with orders, Plaintiff testified he was being told to roll over on his back—when he was already on his back. Given the evidence that Defendants continued to use force after Plaintiff was subdued, the Court concludes that Defendants are not entitled to qualified immunity.

D.  **Punitive Damages**

Finally, Defendants argue there was insufficient evidence to support the jury's award of punitive damages because there was no evidence to show they acted recklessly or with a callous indifference to Plaintiff's Fourth Amendment rights.

Punitive damages may be awarded in an action under § 1983 when the defendant's conduct reflects "reckless or callous indifference" to the plaintiff's constitutional rights. *Smith v. Wade*, 461 U.S. 30, 51 (1983) ("[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); *see also Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007); *Kyle v. Patterson*, 196 F.3d 695, 697–98 (7th Cir. 1999). The appropriate inquiry is not whether the defendant thought his actions were lawful, but rather whether the defendant was recklessly or callously indifferent to the federally protected rights of another. *Wilson-El v. Mutayoba*, No. 12-CV-203-NJR-DGW, 2015 WL 2201564, at *2 (S.D. Ill. May 8, 2015) (citing *Smith*, 461 U.S. at 56).

In this case, the jury was instructed that it could assess punitive damages against one or more defendants "only if you find that his or her conduct was malicious or in reckless disregard of Isaac Capps's rights" (Doc. 169). The Court finds there was sufficient evidence from which a jury could find that each Defendant's conduct was in reckless disregard for Plaintiff's rights. Reviewing the evidence in the light most favorable to Plaintiff, there was evidence presented that Defendants Trogolo and Roye

tased Plaintiff, who was not resisting arrest or was only verbally doing so, and that they continued to tase Plaintiff after he was already on the ground and was only involuntarily moving as a result of electric current moving through him. Furthermore, there was no evidence that any defendant attempted to stop the excessive use of force.

Although Defendants disagree with this portrayal of the evidence, questions of credibility and weight of the evidence are left to the jury. *See United States v. Hassebrock*, 663 F.3d 906, 920 (7th Cir. 2011) (quoting *Lowe v. Consol. Freightways of Del.*, 177 F.3d 640, 642–43 (7th Cir. 1999) ("The fact that [the defendant] presented evidence that is inconsistent with the jury's verdict does not mean that the verdict should be reversed. . . . The jury was there; it weighed the witnesses' credibility, considered the evidence, and reached a supportable conclusion")). In this case, the jury believed Plaintiff's explanation of the incident. Accordingly, the Court finds the evidence presented was sufficient to support the jury's award of punitive damages.

## CONCLUSION

For these reasons, Defendants' renewed motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Docs. 192, 194, and 195) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 29, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**