### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC W. CAPPS, )<br>)<br>Plaintiff, )<br>)<br>vs )<br>)<br>KEVIN DRAKE, et al., )<br>)<br>Defendants. ) | Case No. 14-441- NJR-DGW |

### MOTION FOR COLLATERAL ORDERS, FOR POST JUDGMENT INTEREST, TO DIRECT PROPER PAYMENT AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

NOW COMES the Plaintiff, ISAAC W. CAPPS, by and through his Attorney, Jude M. Redwood and moves 1) for a collateral order regarding Doc 321-*Notice of Unaccepted Rule 68 Offer of Judgment*; 2) for the Court to order payment of correct post judgment interest; 3) for the Court to direct defendants to properly pay the judgment; and 4) for sanctions pursuant to 28 U.S.C. §1927 against Attorney Joseph Bleyer, Attorney Laura Bautista and Attorney James Cook for unreasonably and vexatiously multiplying proceedings and in support:

1. The Court's Judgment in favor of Plaintiff and against all Defendants was entered on February 4, 2016 (Doc 177).

2. 161 days after entry of judgment, the defendants, by and through their attorneys, Joseph Bleyer, Laura Bautista and James Cook served plaintiff's counsel with a document purporting to be a Rule 68 Offer of Judgment.

3. Attorney Jude M. Redwood ignored the aforesaid document as a nullity because it was not tendered "at least 14 days before the date set for trial" as required by

1

Fed.R.Civ.P. 68(a) and because it was ridiculous that defendants offered to allow judgment to be taken against them at a time when the Court had already entered judgment against each one of them following the jury's verdict.

4. On August 16, 2016, Mr. Cook, presumably on behalf of all defendants, filed Doc 231, styled *Notice of Unaccepted Rule 68 Offer of Judgment*.

5. On September 29, 2016 this Court denied all defendants' Rule 50(b) and Rule 59(c) post trial motions (Doc 238).

6. On November 1, 2016, Mr. Bleyer requested Mrs. Redwood to provide her W-9 form because he was "ordering a check to satisfy the Judgment". (See Exhibit A).

7. On November 1, 2016 Mrs. Redwood wrote back, by email that the W-9 was being sent by mail and reminded Mr. Bleyer that the "check should be for the entire amount. I will take care of paying the child support lien. The lien amount has changed since it was served, due to regular payments having been made". (A copy of the email is attached hereto and incorporated herein as Exhibit A).

8. 30 days later, on December 1, 2017, Mrs. Redwood reminded Mr. Bleyer: "I am still waiting for the check." (See Exhibit A).

9. On December 1, 2016 Mr. Bleyer responded that he and Mr. Cook each had a check but were waiting on receipt of the check from the State of Illinois before tendering their checks to plaintiff. (See Exhibit A).

10. On December 2, 2016 Mrs. Redwood replied to the email, with a firm demand that the two checks be sent immediately. (See Exhibit A).

11. On November 7, 2016 Mr. Cook authored, but did not serve, a letter

2

stating that the defendants had decided to pay "interest accrued pursuant to 28 USC §1961 through the date of rejection of the defendants' July 14, 2016 Fed.R.Civ.P. 68 Offer of Judgment." (A copy of Attorney James Cook's (unsigned) letter is attached hereto and incorporated herein as Exhibit B).

    12.    Mr. Cook's unsigned letter was first transmitted to plaintiff's counsel by Mr. Bleyer on December 7, 2016 along with two checks totaling $24,749.67. (A copy of the letter and two checks is attached hereto and incorporated herein as Exhibit C).

    13.    As of November 7, 2016, the defense attorneys had evidently apportioned the damages awards, including their own private and unauthorized calculation of post-judgment interest as follows: from Cook's office - $12,219.67; from Bleyer's office - $12,530.00; from Attorney General's office - $7,432.33 for a total of $32,182.00, which purports to include the judgment amount ($32,092.00) plus post judgment interest until July 14, 2016, the date of the unauthorized Rule 68 Offer of Judgment.

    14.    On December 9, 2016 Mrs. Redwood sent acknowledgments of receipt of the two checks to Mr. Bleyer and Mr. Cook, as previously agreed by telephone. (A copy of letters of acknowledgment are attached hereto and incorporated herein as Exhibit D).

    15.    Although Mrs. Redwood had repeatedly told the defense attorneys that she had been served with the Tennessee child support lien (the lien) and that she would pay the lien from plaintiff's award, both of the checks tendered included the lienholder as a payee. (See Exhibit C-3 and C-4).

    16.    The check from Mr. Cook's client was payable to "Isaac W. Capps, Jude M. Redwood, and Child Support Services" (See Exhibit C-4) and the check from Mr.

3

Bleyer's clients was payable to "Isaac Capps, Jude Redwood, State of Tennessee Dept of Human Services" (See Exhibit C-3).

17. These checks were non-negotiable because 1) "Child Support Services" and "State of Tennessee Dept of Human Services" are incorrect names of a payee for the lien, 2) Mrs. Redwood's Attorney Trust Account Banking Institution refused to negotiate a check which was payable to her, her client and a governmental entity from another state, 3) the State of Tennessee could not negotiate a check made payable to the state and two individuals, even if the checks had named the state properly, 4) the amount of the two checks exceeded the lien amount, and 5) the State of Tennessee was unable to issue a refund for the excess amount, due to its internal procedures for collecting child support liens.

18. The checks were rejected and returned to tendering counsel with a letter explaining the bases for rejection. (A copy of letter of rejection and return is attached hereto and incorporated herein as Exhibit E).

19. The two tendered checks also included facial notations purporting to be a settlement of all claims – "SETTLEMENT OF ALL CLAIMS" (See Exhibit C-3) and "Full and Final Release and Settlement of Any and All Claims" (See Exhibit C-4).

20. Due to the accord and satisfaction language on the face of the two tendered checks, negotiating those checks could have subjected the plaintiff to additional litigation or loss of part of his judgment, due to his lawyer's error if she cashed the checks.

21. On January 9, 2017 Mrs. Redwood received a second check from Mr.

Bleyer's office which did not include the lienholder as a payee but did state, on its face, that the check was for "SETTLEMENT OF ALL CLAIMS". A copy of Governmental Interinsurance Exchange Check # 133777 is attached hereto and incorporated herein as Exhibit F).

22.    The second check was also rejected and returned to Mr. Bleyer due to the improper amount of interest tendered and due to the accord and satisfaction language incorrectly noted on the face of the check. (A copy of Mrs. Redwood's letter returning and rejecting Check # 133777 is attached hereto and incorporated herein as Exhibit G).

23.    Post judgment interest is governed by 28 U.S.C. §1961 and a post judgment Rule 68 Offer of Judgment is a nullity, it does not stop the running of post judgment interest and Doc 231 should be declared a nullity, as a matter of law.

24.    Plaintiff is entitled to post-judgment interest from the date Judgment was entered until the verdict is paid. Research reveals that the rate of interest, based on 28 U.S.C. §1961 requirements for the Court's Judgment on February 4, 2016 is .47% per annum. Therefore, interest on the entire judgment of $32,092.00 is calculated at $0.41324 per day and as of January 24, 2017, the defendants owe $146.70 in statutory interest on the judgment.

25.    The defendants should be ordered to tender to plaintiff's counsel checks for payment of the judgment plus statutory interest without notations indicating accord and satisfaction or settlement on the faces of the checks.

26.    The actions of defense counsel, described herein, are a continuation of a pattern of vexatious and unreasonable conduct and have served only to multiply the

5

proceedings and have prompted plaintiff's counsel to file this additional motion in order for the plaintiff to be paid his fair judgment and interest according to the law.

WHEREFORE, Plaintiff ISAAC W. CAPPS respectfully requests relief:

a. Find Doc 231 and defendants' Rule 68 Offer of Judgment a nullity;

b. Order defendants to pay, within 14 days of the Court's Collateral Orders, the judgment of $32,092.00 with statutory interest properly calculated pursuant to 28 U.S.C. §1961 from February 4, 2016 until the date of payment of the verdict amount;

c. Order defendants to tender checks to plaintiff's counsel which do not include any words of accord and satisfaction on the face of the checks;

d. Find defense counsel Joseph Bleyer, James Cook and Laura Bautista acted vexatiously and unreasonably and multiplied proceedings by their conduct alleged herein and so violated 28 U.S.C. §1927 and order attorney Jude M. Redwood to submit a petition for attorney's fees related to these additional proceedings;

e. Order defense counsel Joseph Bleyer, James Cook and Laura Bautista to personally pay plaintiff's attorney's fees related to this motion and accompanying memorandum of law pursuant to the requirements of 28 U.S.C. §1927;

f. For such other and further relief as the Court shall determine.

January 24, 2017

Respectfully Submitted,
ISAAC WADE CAPPS

/s/ Jude M. Redwood   6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
(217) 469-9194
fax (217) 469-8094
redwoodlaw42@hotmail.com

6

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that I electronically filed the foregoing *MOTION FOR COLLATERAL ORDERS, FOR POST JUDGMENT INTEREST, TO DIRECT PROPER PAYMENT AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927* on January 24, 2017 with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following: Jude M. Redwood, James C. Cook, Joseph A. Bleyer and Laura Bautista.

January 24, 2017
/s/ Jude M. Redwood    6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
(217) 469-9194
fax (217) 469-8094
redwoodlaw42@hotmail.com