IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISSAC W. CAPPS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-00441-NJR-DGW |
| | ) |
| KEVIN DRAKE, JARED FREEMAN, | ) |
| SHAWN ISAACS, JAMES TROGOLO, | ) |
| KEVIN ROYE, and BRICE SHAFFER, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On February 1, 2016, a jury found in favor of Plaintiff Isaac Capps on his claim of excessive force against Defendants James Trogolo and Kevin Roye and on his claim of failure to intervene against all Defendants (Doc. 171). The jury awarded Plaintiff compensatory damages of $22,000 and punitive damages of $5,000 against Defendant Trogolo, $5,000 against Defendant Roye, and $23 each against Defendants Drake, Freeman, Isaacs, and Shaffer (*Id.*). The Clerk entered Judgment on February 4, 2016 (Doc. 177).

On February 12, 2016, Plaintiff filed a Bill of Costs, seeking a total of $7,424.07 in costs including the court filing fee, service and subpoena fees, court reporter fees, fees for copies of medical records and photos used at trial, hotel costs incurred for various depositions, mandatory court settlement conferences, and trial, and fees for reservation

of a library room where depositions were taken (Doc. 179).[1] All Defendants objected, taking issue with specific items in the Bill of Costs and asking the Court to reduce the amount of costs awarded (*see* Docs. 188, 189, 191).

In response, Plaintiff acknowledges that hotel costs are not recoverable under 28 U.S.C. § 1920 and has agreed to withdraw the $2,250.52 in hotel fees from the Bill of Costs. Because those fees were related to the litigation and necessarily incurred, however, Plaintiff seeks to add the hotel fees to the request for attorney fees under 42 U.S.C. § 1988. Plaintiff similarly defends the remainder of the submitted costs as authorized and "necessarily incurred" in this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) authorizes federal district courts to award costs to prevailing parties in lawsuits. *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Specifically, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under Section 1923; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The Seventh Circuit has noted that the rule provides a "presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v.*

---

[1] Plaintiff also seeks his attorney's fees pursuant to 42 U.S.C. §1988 (*see* Docs. 186, 187, 219, 221). The motions relating to attorney's fees were referred to Chief Judge Michael J. Reagan (*see* Doc. 223), and a hearing was held on September 6, 2016 (*see* Doc. 235).

*City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 954 F.2d 219, 222 (7th Cir. 1988)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

## DISCUSSION

As an initial matter, Defendants Drake, Freeman, and Isaacs argue that Plaintiff failed to verify his claimed costs by attaching an affidavit attesting that the costs are correct and were necessarily incurred, as required by 28 U.S.C. § 1924; consequently, the Bill of Costs should be rejected in its entirety. In response, Plaintiff argues that a separate affidavit is not required because the Bill of Costs form provided by the Court (*see* Doc. 179) contains a declaration mirroring the language of 28 U.S.C. § 1924.

The Court agrees with Plaintiff and finds the declaration provided by counsel on the Bill of Costs form is sufficient. Counsel declared that the costs are "correct and necessarily incurred" and were "actually and necessarily performed." Counsel signed the declaration under penalty of perjury. Because the requirements of 28 U.S.C. § 1924 have been met, the Bill of Costs will not be denied in its entirety.

A.  **Costs Related to Depositions of Jon Graskewicz and Mark Woodsides**

Defendants Drake, Freeman, and Isaacs object to Plaintiff's request for reimbursement for the cost of depositions taken of Jon Graskewicz and Mark Woodsides, as well as subpoena fees and mileage for these two individuals. Defendants

assert that Plaintiff is only entitled to deposition fees when used at trial and, in the court's discretion, when reasonably necessary to the case—not for depositions that are purely investigative in nature. Defendants cite Local Rule 54.2(6), which in turn cites 28 U.S.C. § 1920 (2), (3), and (6). Because Graskewicz and Woodsides were not witnesses at trial and their depositions—according to Defendants—were purely investigative, Plaintiff's costs should be reduced by $248.75 for the transcripts of these depositions and $103 for witness fees. In response, Plaintiff argues that these deponents were officers who participated in the arrest of Plaintiff, their depositions were vital to preparing for the direct examination of another witness at trial, and their testimony was used in both Plaintiff's and Defendants' summary judgment papers. As such, they were necessarily obtained for use in the case, and reimbursement of that cost is authorized by 28 U.S.C. § 1920.

The Court agrees with Plaintiff that these deposition costs are reimbursable. It is well established in the Seventh Circuit that "the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial." *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). Even the case cited by Defendants acknowledges that the "introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), *overruled on other grounds by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989). The Seventh Circuit in that case further noted that "[e]ven the costs related to discovery depositions may be assessed, provided that the deposition is not . . . purely investigative

in nature . . . ." *Id.* (internal citation omitted). Given that the deposition transcripts of Graskewicz and Woodsides were attached as exhibits to Defendants' motion for summary judgment, the Court cannot say that these depositions were merely investigatory in nature. Plaintiff is allowed these costs, and the objection is overruled.

      **B.**    **Background Report of and Service to Evelyn Mendez**

Defendants next dispute Plaintiff's $125 fee for a "Comprehensive Background Report" of Evelyn Mendez and $75 for service of process on Mendez. Defendants assert that background reports are not one of the costs listed in 28 U.S.C. § 1920 or Local Rule 54.2 and, thus, must be borne by the party incurring them. Defendant Trogolo also asserts that the investigation was unnecessary, because Plaintiff had already located and interviewed Mendez, whose father owns and operates the restaurant next door to the hotel parking lot where the incident occurred. Furthermore, Defendants argue Plaintiff cannot recover more than the United States Marshal charges for service of process, which was $55 per hour at the time. 28 C.F.R. 0114(a). Therefore, Plaintiff's costs should be reduced by $125 for the background check and $20 for service of Mendez.

In response to the service fee, Plaintiff notes that the United States Marshal charges $55 per hour or portion thereof, plus travel cost and any other out-of-pocket expenses. 28 C.F.R. 0114(a). Plaintiff asserts that it took her private process server between 72 and 84 minutes round-trip from Carbondale, Illinois, to West Frankfort, Illinois, to serve Mendez, which would equal a $110 charge by the United States Marshal. Once expenses are added, Plaintiff claims, $75 is a reasonable cost.

The Seventh Circuit permits "the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service." *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Here, the Court finds Plaintiff's $75 service fee to be reasonable. Plaintiff asserts that it took her process server more than an hour to serve Mendez, and Defendants have not disputed Plaintiff's claim. Accordingly, the objection is overruled, and the Court will not reduce Plaintiff's Bill of Costs by the requested $20.

With regard to the "Comprehensive Background Report," Plaintiff asserts that the $125 fee was to locate Mendez. While Mendez's father did own the restaurant next door to the hotel where the incident occurred, the restaurant had permanently closed by the time this case was filed. And, although Plaintiff reached Mendez by phone, she did not want to testify and refused to provide her address. Costs associated with personally serving a witness, including skip trace fees incurred in investigating the witness's current address, are recoverable by the prevailing party. *See Sandoval v. Little Concessions, LLC*, No. 10 C 3895, 2011 WL 780874, at *1 (N.D. Ill. Feb. 28, 2011); *see also Elusta v. City of Chicago*, 760 F. Supp. 2d 792, 803 (N.D. Ill. 2010) ("Fees for subpoenas and service of process are generally recoverable as costs, but not for a deposition witness who is never deposed."); *Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *2 (N.D. Ill. Sept. 30, 1997) (noting that skip trace fees may be recovered for a witness who is expected to be called at trial). Here, Mendez was located by the skip trace, she was served with the subpoena, and she provided testimony. Therefore, the $125 fee to locate her is recoverable. The objection is overruled.

### C. Library Room Fee

Defendants next reject a $15 fee for renting a library room to hold depositions. Defendants assert that this is not a cost enumerated by statute or Local Rule; thus, the cost must be borne by Plaintiff. Further, Defendant Trogolo argues that arrangements were made for these depositions to take place at the West Frankfort City Hall, but Plaintiff instead elected to take the depositions at the library. Thus, the fee is unnecessary. Plaintiff provides no argument in support of this cost, and case law indicates such room fees are not compensable. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (upholding district court's denial of room rental fee when deposition could have been conducted at the witness's home or office); *Mason v. Smithkline Beacham Corp.*, No. 05-1252, 2008 WL 5397579, at *3 (C.D. Ill. Oct. 7, 2008) (room rental fees for depositions are "more akin to administrative fees incurred in the cost of doing business"). Defendants' objection is sustained; Plaintiff's Bill of Costs shall be reduced by $15.

### D. Transcript of Dash-Cam Video

Defendants also contend that the $105 for a transcript of the audio from the dash-cam video should not be allowed because the transcript was not used as evidence or for any other purpose at trial. Plaintiff asserts that the video and the transcript were used by Defendants Drake, Freeman, and Isaacs as an exhibit in support of summary judgment, as well as by Plaintiff at Defendants' depositions. "A court may award costs for transcripts as long as they were 'reasonably necessary;' transcripts need not, however, be 'absolutely indispensable' to the litigation." *Manson v. City of Chicago*, 825 F. Supp. 2d 952, 957 (N.D. Ill. 2011) (cost for transcript of a City of Chicago Administrative

hearing was awarded because it was reasonably necessary, even if the information discovered was not used at trial). Here, the incident at issue was recorded by the dash-cam video, and the transcript was used by both parties to advance their cases, regardless of whether it was used at trial. Consequently, the Court finds the transcript was reasonably necessary to the case, and Plaintiff is entitled to recover this cost. Defendants' objection is overruled.

### E. Deposition Transcripts

Defendants next take aim at Plaintiff's request for reimbursement for both a hard copy and an electronic copy of each Defendant's deposition. Defendants argue that only fees for copies "necessarily obtained for use in the case"—which does not include second copies—are recoverable, and electronic copies are equivalent to a "second or additional copy." Thus, Plaintiff is not entitled to charges for the additional electronic copies Plaintiff ordered. Plaintiff does not appear to contest this objection, and such costs generally are not permissible. *See Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, at *3 (N.D. Ill. Aug. 23, 2013) (quoting *DSM Desotech, Inc. v. 3D Systems Corp.*, No. 08 cv 1531, 2013 WL 3168730, at *4 (N.D. Ill. June 20, 2013) (holding that electronic copies are not reasonably necessary to the case because they are generally considered to be obtained for the convenience of counsel, "particularly where the parties also obtained stenographic transcripts of the depositions"); *Hernandez–Martinez v. Chipotle Mexican Grill, Inc.*, No. 11 C 4990, 2013 WL 23 84251, at *3 (N.D. Ill. May 30, 2013) ("Delivery fees, second copies, electronic versions of the transcript, and so forth are not allowable because they are regarded as a convenience or an ordinary business expense

for the lawyer."). The Court, therefore, sustains Defendants' objection and reduces Plaintiff's costs by $220.

### F. Copying Fee

Defendants Drake, Freeman, and Isaacs also seek to reduce Plaintiff's Bill of Costs by $2.25 for copies of exhibits used at two depositions, although they admit that costs for exhibits are recoverable if the exhibits are "reasonable and necessary, in that they aid in understanding an issue in the case." *See Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007) (disallowing costs of copies where 837 pages of exhibits were scanned and copied by a court reporter). Plaintiff argues that such an objection is not well taken and that the Seventh Circuit allows copying charges, citing *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Given the relatively minor cost of exhibit copies in this case and Seventh Circuit law supporting such charges, the Court finds a $2.25 charge reasonable. Defendants' objection is overruled.

### G. Postage Fees

The next charge disputed by Defendants Drake, Freeman, and Isaacs is $49.27 in postage fees related to service of the complaint, service of subpoenas, and delivery of deposition transcripts. Defendants argue that postage costs are generally not recoverable as costs because they are ordinary business expenses and are not one of the enumerated costs under § 1920 or Local Rule 54.2. Plaintiff generally states that the objection is not well taken and again cites *Little*, which found delivery charges to be recoverable if reasonable.

"Although postage is not a specifically enumerated cost under § 1920, the Seventh Circuit 'has construed section 1920 to include amounts spent on filing fees, postage, telephone calls and delivery charges.'" *Geiger v. Aetna Life Ins. Co.*, No. 15-CV-3791, 2016 WL 5391206, at *4 (N.D. Ill. Sept. 27, 2016) (quoting *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)); *see also Little*, 514 F.3d at 701-02; *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993). *But see Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 216–17 (7th Cir. 1975) (holding that postage charges are not recoverable as costs). Because the Seventh Circuit has allowed postage fees to be recovered, the Court overrules Defendants' objection to Plaintiff's $49.27 postage fee.

### H. Trial Transcript

Finally, Defendants contest Plaintiff's $119.61 charge for a transcript of Dr. Ahsan Mahmood's trial testimony. Defendants argue that when a trial is short and simple, as this trial was, costs for daily transcripts generally are not reasonably necessary and thus may not be recovered. In response, Plaintiff notes that counsel purchased a transcript of Dr. Mahmood's direct examination only to prepare Plaintiff's closing argument. Plaintiff argues that Dr. Mahmood's testimony regarding Plaintiff's post-traumatic stress disorder had to be relayed near-verbatim to the jury during closing. Further, only the portion of Dr. Mahmood's testimony that was necessary for counsel's use in closing was requested and used at trial.

"A court may tax as costs the 'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . includ[ing] trial transcripts . . . ." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Where a trial

is lengthy and complex, the cost of daily trial transcripts may be recovered. *Id.* Courts should also consider: (1) "whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses," (2) "whether proposed findings of fact were required," (3) "whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness," (4) "the size of the claim," and (5) "the importance of witness credibility." *Lewis v. City of Chicago*, No. 04 C 6050, 2012 WL 6720411, at *7 (N.D. Ill. Dec. 21, 2012) (citation omitted).

Here, the trial lasted four days, the case was fairly straightforward, and Defendants presented no medical testimony to contradict or disagree with Dr. Mahmood. Plaintiff's counsel could have prepared for closing argument just as well by taking careful notes during trial, particularly considering her paralegal was present throughout the duration of trial. *See Stallings v. City of Johnston City*, No. 13-CV-422-DRH-SCW, 2016 WL 4474683, at *5 (S.D. Ill. Aug. 25, 2016) ("[W]ith two defense attorneys present, it is clear that daily copy was merely a convenience to avoid having to take notes. Although this is perfectly acceptable, it is not something the opposing party should be required to fund, as the purpose is exclusively for counsel's convenience."); *Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012) (finding decision to obtain daily transcript a matter of convenience rather than necessity). Accordingly, the Court sustains Defendants' objection, and the amount of recoverable costs is reduced by $119.61.

CONCLUSION

For these reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Bill of Costs (Doc. 179). Defendants are **ORDERED** to pay Plaintiff Isaac Capps's costs in the amount of **$4,818.94**.

**IT IS SO ORDERED.**

DATED:   March 30, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**